**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

No. 12-20004
Summary Calendar

Lyle W. Cayce
Clerk

EDWARD PAUL CELESTINE,

Plaintiff-Appellant

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. 4:11-CV-03376

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Edward Paul Celestine, Jr., appeals the district court's order granting defendant-appellee's motion to dismiss Mr. Celestine's complaint for lack of subject matter jurisdiction. On March 11, 2011, the Commissioner of the Social Security Administration informed Mr. Celestine that his Social Security Income benefits would cease effective April 1, 2011. Mr. Celestine sought reconsideration, and the agency affirmed its initial determination. Mr. Celestine then sought a hearing before an Administrative Law Judge, but

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequently withdrew that request. On September 13, 2011, he commenced a civil action in the district court.

A claimant may only obtain judicial review of a case arising under the Social Security Act if he has first exhausted all available administrative remedies.[1] This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council.[2] Because Mr. Celestine failed to exhaust these administrative remedies when he withdrew his hearing request, the district court correctly concluded that it did not have subject-matter jurisdiction over this case. Accordingly, we AFFIRM the judgment of the district court.

---

[1] *See* 42 U.S.C. § 405(g) (allowing an individual to obtain judicial review of "any *final* decision of the Commissioner of Social Security") (emphasis added); *see also Heckler v. Ringer*, 466 U.S. 602, 617-18 (1984).

[2] *See* 20 C.F.R. § 416.1400(a) (explaining that a decision by the Social Security Administrative only becomes final once the four-step process has been completed); *see also Weinberger v. Salfi*, 422 U.S. 749, 767 (1975); *Califano v. Sanders*, 430 U.S. 99, 108 (1977).